**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose OSORIO–REYES, Defendant— Appellant.**

**No. 10–50449.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Sept. 29, 2011.

Michael Lewis Merriman, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy Robert Garrison, Trial, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HAWKINS, SILVERMAN and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Jose Osorio–Reyes appeals the sentence imposed following his guilty plea to attempted entry after deportation in violation of 8 U.S.C. § 1326. Osorio–Reyes contends that the district court erred by applying 8 U.S.C. § 1326(b) to enhance his sentence. Specifically, he argues that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which permits enhancement based on the existence of a prior felony, has been overruled by *Nijhawan v. Holder,* 557 U.S. 29, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), and *United States v. O'Brien,* —— U.S. ——, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010), so that his prior felony conviction must be either admitted or proved to a jury beyond a reasonable doubt. The district court did not err by treating Osorio–Reyes' prior felony conviction as a sentencing enhancement and increasing his statutory maximum sentence. *See United States v. Valdovinos–Mendez,* 641 F.3d 1031, 1036 (9th Cir.2011) (holding that *Almendarez–Torres* has not been overruled by *Nijhawan* and continues to constitute binding authority); *United States v. Grajeda,* 581 F.3d 1186, 1197 (9th Cir.2009) (holding that *Almendarez–Torres* is binding unless it is expressly overruled by the Supreme Court).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.